[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 274.]

TOLEDO BAR ASSOCIATION *v.* SLACK.

[Cite as *Toledo Bar Assn. v. Slack*, 2000-Ohio-337.]

*Attorneys at law—Misconduct—Permanent disbarment—Continuing course of misconduct and multiple felony convictions.*

(No. 99-1895—Submitted December 15, 1999—Decided March 22, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-51.

_____

{¶ 1} On March 9, 1998, relator, Toledo Bar Association, filed an amended complaint charging respondent, Eric W. Slack of Toledo, Ohio, Attorney Registration No. 0030829, with the violation of several Disciplinary Rules. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that Morris Stanley retained respondent to represent him in a personal injury claim resulting from an automobile accident on "May 19, 1998 [*sic*]." Respondent filed a complaint on behalf of Stanley in May 1991, but thereafter he settled the matter in March 1992 for $1,000 without Stanley's knowledge. Respondent did not forward the check and concealed the settlement from Stanley until 1996.

{¶ 3} The panel further found that while employed as a Lucas County Assistant Prosecuting Attorney, respondent filed with the court a false affidavit regarding the value of a vehicle. As a result, respondent pled guilty to falsification, a misdemeanor of the first degree.

{¶ 4} The panel also found that in March 1994, Linda Fink hired respondent to file a bankruptcy for her and paid him $700. Although he did not commence a bankruptcy case for Fink, respondent repeatedly told her that her case had been

filed and her debts discharged. He even provided Fink with a false case number. When the bankruptcy trustee moved to dismiss the case that respondent eventually filed for Fink in 1997, respondent filed a motion for reinstatement supported by an affidavit that purportedly contained Fink's signature. He later admitted that he had signed and notarized the affidavit, which Fink never saw.

{¶ 5} The panel concluded that with respect to the Stanley matter, respondent violated DR 7-101(A)(3) (prejudicing or damaging a client during the course of a professional relationship), 9-102(B)(1) (failing to promptly notify the client of the receipt of the client's funds), and 9-102(B)(4) (failing to promptly deliver to the client property which the client is entitled to receive). With respect to the first false affidavit, the panel concluded that respondent violated DR 1-102(A)(1) (violating a Disciplinary Rule), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and 1-102(A)(6) (engaging in conduct that adversely reflects upon the attorney's fitness to practice law). In relation to the Fink matter, the panel concluded that respondent violated DR 1-102(A)(1), (4), (5), and (6), as well as 6-101(A)(3) (neglecting an entrusted legal matter) and 7-102(A)(8) (engaging in illegal conduct contrary to a Disciplinary Rule).

{¶ 6} In mitigation, respondent presented testimony of counsel for the insurance company with whom he had settled the Stanley case to the effect that the case was not worth more than $1,000.

{¶ 7} The panel initially recommended that respondent be indefinitely suspended, but changed its recommendation to permanent disbarment upon learning of respondent's conviction of multiple felony counts in an unrelated matter. The board adopted the findings and conclusions of the panel, but not its recommendation. The board recommended that respondent be indefinitely suspended. Upon notice of respondent's felony conviction, this court ordered

respondent suspended from the practice of law for an interim period, effective October 20, 1999. *In re Slack* (1999), 87 Ohio St.3d 1425, 718 N.E.2d 442.

––––––––––––––––––

*Jonathan B. Cherry* and *Matthew J. Rohrbacher,* for relator.

*James D. Caruso,* for respondent.

––––––––––––––––––

*Per Curiam.*

{¶ 8} We adopt the findings and conclusions of the board. However, we do not accept the board's recommendation of indefinite suspension. Based on the continuing course of misconduct and respondent's multiple felony convictions, we believe that a harsher sanction is warranted. Therefore, respondent is permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––